# EXHIBIT A

*l. 0*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Norfolk, ss.

Docket No._____ **08   00410**

)
GARY MELVILLE )
D/B/A  MELVILLE CANDY )
CORPORATION, )
PLAINTIFF )
)
V. )          **PLAINTIFF'S COMPLAINT**
)
SPRINT NEXTEL, )
DEFENDANT )
)                              RECEIVED & FILED
_____)                   CLERK OF THE COURTS
                                          NORFOLK COUNTY
                          **PARTIES**         *2/24/08*

1. The Plaintiff, Gary Melville d/b/a Melville Candy Corporation operating his business at 70 Finnell Drive Unit 16, Weymouth, Massachusetts (hereafter "Melville").

2. The Defendant, Sprint Nextel is a corporation with its principle place of business at 2001 Edmund Halley Drive, Restop, Virginia (hereafter "Sprint Nextel").

**FACTS**

3. In 2006, Melville went into a Sprint Nextel store to add a phone line to his plan. Because Sprint and Nextel were merging Melville asked the store clerk to transfer his old Sprint account to a new Nextel account. He was told by the store clerk that his account had been updated and the old Sprint account had been transferred to his new account.

4. On or about December 20, 2006, after applying for a loan Melville obtained a credit report and found that his credit had dropped twenty points.

5. As a result of the Sprint Nextel clerk not transferring Melville's old account to the new account it remained open and unpaid.

6. On or about December 20, 2006, Melville contacted Sprint Nextel and discovered that his old account was in collection.

7. On January 3, 2007, Melville paid $137.92 to Sprint Nextel for the outstanding balance owed on his old account.

8. On January 16, 2007 a 93A demand letter was sent to Sprint Nextel requesting that they remove the derogatory information from Melville's credit report due to their error in not transferring the Nextel balance as they had promised.

9. As a result of Sprint Nextel's error and the resulting bad credit score, Melville suffered from lost business and was on the brink of going out of business.

## COUNT 1 - NEGLIGENCE

10. Plaintiff repeats and realleges Paragraphs 1-9 and incorporates the same by reference as if set out herein.

11. Sprint Nextel, acted negligently as they knew or should have known to have transferred Melville's account after they had assured him that they had transferred his account.

12. Sprint Nextel owed Melville a duty to carry out his request and when they breached that duty Melville suffered.

13. Because of Melville's low credit score he was not able to obtain a loan vital to his business and therefore suffered from loss of business and lost opportunity at an estimated amount of $50,000.00 dollars.

## COUNT 2 - EXTREME EMOTIONAL DISTRESS

14. Plaintiff repeats and realleges Paragraphs 1-13 and incorporates the same by reference as if set out herein.

15. Prior to December 3, 2006, Sprint Nextel knew, or should have known, that emotional distress was the likely result of its conduct.

16. Sprint Nextel's conduct was "extreme and outrageous" was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community";

17. The actions of Sprint Nextel caused Melville distress; and

18. The emotional distress sustained by Melville was "severe."

## COUNT 3 - RELIANCE

19. Plaintiff repeats and realleges Paragraphs 1-18 and incorporates the same by reference as if set out herein.

20. Melville reasonably relied on Sprint Nextel to carry out his request to transfer his account.

21. When Sprint Nextel failed to transfer over the account as a result Melville suffered economic and emotional damage.

## COUNT 4 – VIOLATION OF M.G.L. CHAPTER 93A

22. Plaintiff repeats and realleges Paragraphs 1-21 and incorporates the same by reference as if set out herein.

23. Sprint Nextel has violated M.G.L. Chapter 93A by promising Melville that they would correct his account, but came up empty on their promise.

24. By not correcting his account as he had specified Sprint Nextel provided inaccurate information regarding Melville account.

25. As a result of the Sprint Nextel's actions, Melville has sustained pecuniary losses and was otherwise damaged.

## COUNT 5 – DEFAMATION

26. Plaintiff repeats and realleges Paragraph 1-25 and incorporates the same by reference as if set out herein.

27. Sprint Nextel negligently published a report with clearly false information regarding Melville's account history to credit reporting agencies.

28. As a result of this faulty publication Melville was harmed.

## PRAYERS FOR RELIEF

1. Enter judgment for Plaintiff on each of the counts of this Complaint and award them monetary damages in the amount of $50,000.00 for lost business, lost opportunity and for extreme emotional distress suffered as a result of Defendant's conduct.

2. Award the Plaintiff treble damages pursuant to M.G.L. Ch 93A.

3. Award the Plaintiff costs and attorney's fees in connection with this action; and

4. Award the Plaintiff any other relief as this Honorable Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable herein.

Gary Melville
By his attorney,

Date: _2/12/08_

Christine Cedrone Logan, Esq.
Christine Cedrone Logan & Assoc. P.C.
21 McGrath Highway, Suite 306
Quincy, MA 02169
Phone: (617) 934-0709
Fax: (617) 328-0689
BBO #659355

| CIVIL ACTION COVER SHEET | 08 00410 | Superior Court Department County: _NORFOLK_ |
|---|---|---|

| TIFF(S) *BY MELVILLE D/B/A MELVILLE CANDY CORP.* | DEFENDANT(S) *SPRINT / NEXTEL*     *J - D* |
|---|---|

| RNEY, FIRM NAME, ADDRESS AND TELEPHONE *(617) 934-0709*  *(?)STINE CEDRONE LOGAN, ESQ,*  *1CGRATH HIGHWAY, SUITE 306*  *NEW, MA 02169*  of Bar Overseers number: *659325* | ATTORNEY (if known) |
|---|---|

Origin code and track designation

:e an x in one box only:
1. F01 Original Complaint
2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| DE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| *304* | *OTHER NEGLIGENCE* | *(F)* | (X) Yes      ( ) No |

e following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
ney damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .......................................... $ ............
2. Total Doctor expenses .......................................... $ ............
3. Total chiropractic expenses .......................................... $ ............
4. Total physical therapy expenses .......................................... $ ............
5. Total other expenses (describe) .......................................... $ ............

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
*2/26/08*

Subtotal $ *50,000.00*

Documented lost wages and compensation to date ............... $ ............
Documented property damages to date ........................... $ ............
Reasonably anticipated future medical and hospital expenses ......... $ ............
Reasonably anticipated lost wages ...........................
Other documented items of damages (describe) .................. $ ............

Brief description of plaintiff's injury, including nature and extent of injury (describe)
*Negligence + emotional distress; defamation + loss of*
*business*

$
TOTAL $ *50,000.00*

CONTRACT CLAIMS
(Attach additional sheets as necessary)

/ide a detailed description of claim(s):

TOTAL $ ...........

.EASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
)URT DEPARTMENT

hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
spute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
solution services and discuss with them the advantages and disadvantages of the various methods."

gnature of Attorney of Record _(signature)_                                  DATE: *2/25/08*

:-6 mtc005-11/99
S.C. 1-2000